UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY B. HENDERSON, JR., | No. 2:23-cv-0726 CSK P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. On December 20, 2023, the Court referred this case to the Post-Screening ADR Project and stayed the case for 120 days. (ECF No. 16.) On January 16, 2024, plaintiff's copy of the order was returned as undeliverable. On April 18, 2024, defendants filed an answer.

As discussed below, the ADR stay is lifted, and plaintiff is granted fourteen days to inform the court of his current address.

Standards

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Id.  District courts have the inherent power to control

1

their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

Further, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

Discussion

As noted above, plaintiff's copy of the Court's last order was returned as undeliverable. Despite such return, plaintiff was properly served. It is the plaintiff's responsibility to keep the Court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. In addition, the CDCR Inmate Locator website, http://inmatelocator.cdcr.ca.gov/default.aspx (accessed June 6, 2024), reflects that plaintiff is no longer in state custody.

Therefore, plaintiff is granted fourteen days to notify the court of his current address. Plaintiff is cautioned that failure to comply with this order will result in the dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The ADR stay (ECF No. 16) is lifted; and

2. Plaintiff is granted fourteen days from the date of this order to notify the court of his current address. Failure to comply with this order will result in the dismissal of this action.

Dated:  June 7, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hend0726.o

3