UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY B. HENDERSON, JR., | No. 2:23-cv-0726 CSK P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATON, et al., | |
| Defendants. | |

Plaintiff is proceeding without counsel with this civil rights action filed pursuant to 42 U.S.C. § 1983. For the reasons stated herein, this Court recommends that this action be dismissed for plaintiff's failure to prosecute.

The Court record reflects that on January 16, 2024, an order served on plaintiff's address of record was returned by the United States Postal Service. (ECF No. 16.) On June 7, 2024, plaintiff was ordered to notify the court of his current address. (ECF No. 19.) Plaintiff was also cautioned that failure to comply with the order would result in the dismissal of this action. (Id. at 2.)

Plaintiff's copy of the June 7, 2024 order was not returned by the postal service, but plaintiff did not respond to the order or provide his current address. In addition, the inmate locator for the California Department of Corrections and Rehabilitation reflects that plaintiff is no

1

longer in state custody.[1]  Plaintiff has failed to comply with Local Rule 183(b), which requires that a party appearing in propria persona inform the court of any address change.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110.  "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action.  Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, plaintiff failed to file a notice of change of address.  The Court cannot effectively manage its docket if plaintiff ceases litigating his case.  In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California.  Thus, this Court finds that the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.  The third factor—prejudice to defendants—weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor

---

[1] This information was obtained from the CDCR Inmate Locator website, https://apps.cdcr.ca.gov/ciris/search (accessed June 23, 2024).

—availability of less drastic sanctions—also favors dismissal.  Mail sent to plaintiff was first returned on January 16, 2024.  Plaintiff has not filed a notice of change of address since that time.  Because plaintiff has apparently abandoned this action, less drastic sanctions are not warranted.  The fifth factor—public policy favoring a disposition of actions on its merits—arguably weighs against dismissal.

Despite that public policy favors disposition on the merits, this Court finds that the other factors discussed above weigh in favor of dismissal.  Accordingly, this Court recommends dismissal of this action based on plaintiff's failure to prosecute.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that this action be dismissed for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 24, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hend0726.dlop.csk

3